# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TRACEE A. BEECROFT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALTISOURCE BUSINESS SOLUTIONS PVT. LTD.,<br><br>Defendant. | Case No. 15-cv-02184 (SRN/BRT)<br><br>**ORDER**<br>**FINALLY APPROVING CLASS**<br>**ACTION SETTLEMENT** |

The Court having held a Final Approval Hearing on March 12, 2018, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.  The Settlement Agreement dated September 28, 2017, including its exhibits (the "Settlement Agreement"), and the definition of words and terms

contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> **SETTLEMENT CLASS**:  The 56,104 persons whose cell phones Altisource called during the Class Period using Aspect in connection with its Cash for Relocation ("CFR") program.

3. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, and Altisource.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the

Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by Altisource to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.  Each Settlement Class Member is hereby bound by the Settlement Agreement.

8. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

9. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

10. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the

protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

12.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Altisource, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14. The Court grants Class Counsel's application for fees and costs, and awards $600,000 in attorney's fees and $24,278.43 in costs. The Court finds these amounts appropriate, fair and reasonable. The Court awards $15,000 as an incentive award for Tracee Beecroft, and finds this amount fair and reasonable.

15. The Court finds that there is a reasonable and appropriate nexus between the class members, the claims in this case and Habitat for Humanity, and therefore approves Habitat for Humanity as the *cy pres* recipient for left over funds under the Settlement.

16. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

17. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

IT IS SO ORDERED

Dated:  March 12, 2018          <u>s/Susan Richard Nelson</u>
                                Susan Richard Nelson
                                United States District Judge